**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTOPHER W. ODEN,** | ) |
| **DARYL HAMPTON,** | ) |
| **JASON NIELSON,** | ) |
| **RANDALL PETERSON,** | ) |
| **TIMOTHY LOGHRY, SR.,** | ) |
| **JOSEPH STOTERAU,** | ) |
| **CHRISTIAN IGLESIAS,** | ) |
| **JASON SMITH,** | ) |
| **EARNEST HALL,** | ) |
| **CRAIG ARMSTRONG,** | ) |
| **BRAD MONKMAN,** | ) |
| **BENJAMIN WINTERS,** | ) |
| **JEFFERY BROTHERS,** | ) |
| **OLLIE BROWN,** | )     **Case No. 18-cv-600-MJR** |
| **DANIEL HAMMER,** | ) |
| **ROY PARRY,** | ) |
| **GREGORY ROBINSON,** | ) |
| **SHANE ELDER,** | ) |
| **RANDALL CAUSEY,** | ) |
| **DAVID HARPER,** | ) |
| **MICHAEL SNYDER,** | ) |
| **SCOTT SULLIVAN,** | ) |
| **CHRISTOPHER HARRIS,** | ) |
| **JONATHAN VIDLAK,** | ) |
| **DAVID HOFFARTH,** | ) |
| **PERNELL JONES,** | ) |
| **CHRISTOPHER BAILY,** | ) |
| **MATTHEW SISNEROS,** | ) |
| **JACK GRUBB,** | ) |
| **JERALD SIMS,** | ) |
| **CONNER WEBB,** | ) |
| **TERRELL CLEGGETT,** | ) |
| **MARTIN VAN DEURZEN,** | ) |
| **JAMES SAY,** | ) |
| **CORY CUNNINGHAM,** | ) |
| **DARRELL STEWART,** | ) |
| **BRENT BAILY,** | ) |
| **JACOB HOBART,** | ) |
| **ISAAC JOHNSON,** | ) |
| **REGINALD THURMOND,** | ) |
| **JASON DUNLAP,** | ) |
| **JOHN PELTZ,** | ) |
| **TED DURAN,** | ) |

| | |
|---|---|
| **ADAM TURNER, and** | ) |
| **MARTIN JONASSEN** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| **WILLIAM B. TRUE,** | ) |
| **DONALD S. BOYCE,** | ) |
| **JEFF SESSIONS, and** | ) |
| **MARK INCH,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is, once again, before the Court for case management. The action was originally filed on March 23, 2018 by multiple individuals incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). (Doc. 1). The Court entered a preliminary order in this matter on March 29, 2018. (Doc. 5). In it, each plaintiff, aside from the lead plaintiff Christopher Oden, was ordered to submit to the Court a signed complaint along with a motion to proceed *in forma pauperis* ("IFP") or the filing fee for this case, no later than April 30, 2018, in order to proceed as a plaintiff in this case. *Id.* The deadline has now passed. Twenty-one plaintiffs did not submit signed complaints and twenty-two plaintiffs submitted signed complaints and IFP motions. A single plaintiff, Brad Monkman, submitted an IFP motion, but instead of submitting a signed complaint, he submitted a signed Memorandum in Support (Doc. 61) presumably by mistake.

Plaintiffs **Jason Nielson**, **Randall Peterson**, **Timothy Loghry, Sr.**, **Christian Iglesias**, **Jason Smith**, **Earnest Hall**, **Craig Armstrong**, **Benjamin Winters**, **Jeffery Brothers**, **Ollie Brown**, **Gregory Robinson**, **Shane Elder**, **Randall Causey**, **David Harper**, **David Hoffarth**,

**Matthew Sisneros**, **Martin Van Deurzen**, **James Say**, **Cory Cunningham**, **John Peltz**, **Adam Turner**, and **Martin Jonassen** submitted signed complaints and IFP motions and will therefore remain in this action for the time being.

Plaintiffs **Daryl Hampton**, **Joseph Stoterau**, **Daniel Hammer**, **Roy Parry**, **Michael Snyder**, **Scott Sullivan**, **Christopher Harris**, **Jonathan Vidlak**, **Pernell Jones**, **Christopher Baily**, **Jack Grubb**, **Jerald Sims**, **Conner Webb**, **Terrell Cleggett**, **Darrell Stewart**, **Brent Baily**, **Jacob Hobart**, **Isaac Johnson**, **Reginald Thurmond**, **Jason Dunlap**, and **Ted Duran** did not submit a signed complaint. They will therefore be dismissed from this action without prejudice and without the imposition of a filing fee, pursuant to this Court's Order at Doc. 5.

As mentioned previously, it appears that Plaintiff **Brad Monkman** mistakenly submitted a signed memorandum in support instead of a signed complaint, while otherwise complying with this Court's Order. (Docs. 5, 61). The Court will therefore give Plaintiff Monkman another chance to submit a signed complaint before dismissing him from this action.

Lead plaintiff **Christopher Oden** was not required to respond in order to remain in this action, and he submitted an IFP motion, so he will therefore continue in this suit.

### Pending Motions

Plaintiffs Oden, Nielson, Peterson, Loghry, Iglesias, Smith, Hall, Armstrong, Winters, Brothers, Brown, Robinson, Elder, Causey, Harper, Hoffarth, Sisneros, Van Deurzen, Say, Cunningham, Peltz, Turner, Jonassen, and Monkman have filed IFP Motions (Docs. 17, 37, 52, 56, 21, 39, 29, 25, 19, 60, 66, 47, 33, 54, 49, 27, 31, 45, 43, 35, 23, 41, 58, 64, and 61) that will be addressed in a separate order of this Court.

Plaintiffs filed a Motion to Certify Class (Doc. 14) and a Motion for Leave to Proceed Writ of Praecipe and Motion for Appointment of Counsel (Doc. 15) in this action. These

motions will be addressed in a separate order of this Court.

Plaintiffs filed a Motion for Joinder (Doc. 12) that is **DENIED** in part and **GRANTED** in part. It is **DENIED** to the extent it seeks to add defendants to this action and allegations to the Complaint. The Court does not accept piecemeal amendments to a complaint, so to the extent the plaintiffs want to add allegations or defendants, they will need to seek leave to file an amended complaint in this action and do so in an amended complaint. The Motion for Joinder is **GRANTED**, however, to the extent it seeks to add Adam Turner as a Plaintiff. Turner is now considered a plaintiff in this action, and he will be required to comply with all deadlines and orders henceforth.

Plaintiff Jonassen has filed a Motion for a Copy of the Complete Record (Doc. 65) that is **DENIED** in part and **GRANTED** in part. Plaintiff Jonassen was already sent a copy of this Court's previous Orders (Docs. 5, 50) in this action, as well as a copy of the Complaint and the Clerk's letter at Doc. 4. So that he may see what was filed prior to his joining the action, his Motion will be **GRANTED** to the extent he seeks a copy of the docket sheet in this case. If Plaintiff seeks more information than is available in the docket sheet, he is welcome to file a request for any document filed in this case. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The **CLERK** is **DIRECTED** to mail a copy of the docket sheet in this case to Plaintiff Jonassen along with this Order. If Plaintiff Jonassen seeks to join the pending group motions in this case, specifically the Motion to Certify Class (Doc. 14) and/or the Motion for Leave to

Proceed Writ of Praecipe and Motion for Appointment of Counsel (Doc. 15), he may also move to join the motions instead of sending the Court a signed copy.

**Disposition**

**IT IS HEREBY ORDERED** that plaintiffs **DARYL HAMPTON**, **JOSEPH STOTERAU**, **DANIEL HAMMER**, **ROY PARRY**, **MICHAEL SNYDER**, **SCOTT SULLIVAN**, **CHRISTOPHER HARRIS**, **JONATHAN VIDLAK**, **PERNELL JONES**, **CHRISTOPHER BAILY**, **JACK GRUBB**, **JERALD SIMS**, **CONNER WEBB**, **TERRELL CLEGGETT**, **DARRELL STEWART**, **BRENT BAILY**, **JACOB HOBART**, **ISAAC JOHNSON**, **REGINALD THURMOND**, **JASON DUNLAP**, and **TED DURAN** are **TERMINATED** as plaintiffs in this action. Their claims are **DISMISSED** without prejudice pursuant to this Court's Order at Doc. 5. This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g), and these plaintiffs are **not** obligated to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that **CHRISTOPHER ODEN**, **JASON NIELSON**, **RANDALL PETERSON**, **TIMOTHY LOGHRY, SR.**, **CHRISTIAN IGLESIAS**, **JASON SMITH**, **EARNEST HALL**, **CRAIG ARMSTRONG**, **BENJAMIN WINTERS**, **JEFFERY BROTHERS**, **OLLIE BROWN**, **GREGORY ROBINSON**, **SHANE ELDER**, **RANDALL CAUSEY**, **DAVID HARPER**, **DAVID HOFFARTH**, **MATTHEW SISNEROS**, **MARTIN VAN DEURZEN**, **JAMES SAY**, **CORY CUNNINGHAM**, **JOHN PELTZ**, **ADAM TURNER**, and **MARTIN JONASSEN** will remain as plaintiffs in this action for the time being. These plaintiffs remain obligated to pay the filing fee for this action.[1]

**IT IS FURTHER ORDERED** that **BRAD MONKMAN** must indicate his desire to

---

[1] As noted above, their IFP Motions will be addressed in a separate order of this Court. Further, effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

proceed as a plaintiff in this action by submitting a copy of the Complaint, with his signature under the Declaration Under Federal Rule of Civil Procedure 11 on page 10, **on or before June 14, 2018**. If, by that deadline, Monkman does *not* return a signed Complaint, he will be dismissed from this lawsuit and will *not* be charged a filing fee for this action. **This is the *only* way to avoid the obligation to pay a filing fee.** To enable Monkman to comply with this Order, the **CLERK** is also **DIRECTED** to return a copy of the 12-page Complaint to him. The Clerk need not return a copy of the Exhibits (Doc. 1-2), totaling 40 pages, to Monkman. The Court will retain a copy of the exhibits on file. The Clerk also need not return the attached 5-page "Memorandum in Support of Unconstitutional Cells" to Monkman, as he has already submitted a signed copy of this attachment.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by certain plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

The remaining plaintiffs are also **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their address; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in their dismissal from this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2018**

s/ MICHAEL J. REAGAN
United States Chief District Judge