# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, <br> RANDALL PETERSON, <br> TIMOTHY LOGHRY, SR., <br> BRAD MONKMAN, <br> JEFFERY BROTHERS, <br> DAVID HOFFARTH, <br> JAMES SAY, <br> CORY CUNNINGHAM, <br> ADAM TURNER, and <br> MARTIN JONASSEN <br><br> **Plaintiffs,** <br><br> vs. <br><br> WILLIAM B. TRUE, <br> DONALD S. BOYCE, <br> JEFF SESSIONS, and <br> MARK INCH, <br><br> **Defendants.** | Case No. 18-cv-600-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiffs, who are inmates in the United States Penitentiary in Marion, Illinois ("USP Marion"), bring this action for alleged violations of their constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C.

1

§ 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

**The Complaint**

In their Complaint (Doc. 1), Plaintiffs make the following allegations: in Marion USP X, L, Y, and N units, two additional bunks have been added to "'single' man cell[s]" that are less than 70 sq. ft. in size. (Doc. 1, p. 7). This causes "duress, stress, overcrowding, cell conflicts, assaults, privacy, due process violation[s], and [affects] the mental soundness" of inmates. *Id.* The configuration of the cells also results in various types of injuries to inmates. *Id.* USP Marion has up to 480 extra inmates. (Doc. 1, p. 8). This affects inmates' access to the law library, jobs and pay, re-entry classes, and proper ventilation. *Id.* It also causes a high rate of assaults, the spread of infectious diseases, and other safety and security issues. *Id.* There is also black mold and extreme humidity in certain cells. (Doc. 1-3, p. 2). Additionally, 45 sq. ft. single occupancy cells in the Special Housing Unit are being used to house two men. *Id.* Plaintiffs seek monetary damages and permanent injunctive relief. (Doc. 1, pp. 9-10).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use these designations in all

2

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants subjected Plaintiffs to unconstitutional conditions of confinement in Marion USP by overcrowding cells designed for single occupancy, preventing cell doors from closing when they have been opened, and failing to remedy black mold in the vents and extreme humidity in the cells.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

To state a conditions of confinement claim upon which relief may be granted, Plaintiffs must allege that, acting with deliberate indifference, the defendants subjected them to conditions of confinement that deprived them of a basic human need or the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A defendant acts with deliberate indifference when he or she is subjectively aware that a prisoner faces a serious risk of harm and consciously disregards the risk. *Id.* at 837.

At this early stage, Plaintiffs have stated a claim under this standard against Defendant William B. True, the Warden at USP Marion, for maintaining the allegedly unconstitutional conditions. *See* (Doc. 1-3); (Doc. 1-2, pp. 5, 8). Plaintiffs have failed to state a claim against the remaining defendants, however. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation and quotation marks omitted). Plaintiffs have failed to allege personal involvement on the part of Defendants Boyce, Sessions, and Inch, so Count 1 will be dismissed as against them.

**Pending Motions**

Plaintiffs' Traverse for Class Action / Motion to Certify Class (Doc. 14) is **DENIED** without prejudice. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative (in this case the *pro se* Mr. Oden) "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000)).

Plaintiff's Motion for Leave to Proceed Writ of Praecipe and for Appointment of Counsel (Doc. 15) is also **DENIED**. To the extent the motion requests approval for the Plaintiffs to proceed without prepayment of fees and costs, it is moot, as the Plaintiffs' motions to proceed *in forma pauperis* have properly been granted. To the extent the motion seeks appointment of counsel, it is **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself[.]" *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiffs claim that they have written numerous letters to different attorneys with no response. (Doc. 15, p. 2). Plaintiffs failed to

specify the attorneys they requested assistance from or the dates on which they sent the letters, however. They also failed to attach copies of the letters to their motion. The Court therefore does not find that Plaintiffs made a reasonable attempt to find counsel. Even if they had made a reasonable attempt, because Plaintiffs adequately articulated their claims in the Complaint, the Court does not find that they are incompetent to litigate this action themselves, at least at this stage. Notably, the motion is being denied without prejudice. Plaintiffs may therefore choose to file another motion for recruitment of counsel at a later stage in the litigation.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **TRUE** and is **DISMISSED** without prejudice against **BOYCE**, **SESSIONS**, and **INCH**.

**IT IS FURTHER ORDERED** that **BOYCE**, **SESSIONS**, and **INCH** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to complete, on Plaintiffs' behalf, a summons and form USM-285 for service of process on defendant **TRUE**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve defendant **TRUE** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1)

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendant True is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under § 1915, Plaintiffs will be required to pay the full amount of the costs, even though their applications to proceed *in forma pauperis* were granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of a plaintiff from this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 7, 2018**   s/ MICHAEL J. REAGAN
United States Chief District Judge