IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, RANDALL PETERSON, TIMOTHY LOGHRY, SR., EARNEST HALL, BRAD MONKMAN, BENJAMIN WATERS, JEFFREY BROTHERS, DAVID HOFFARTH, JAMES SAY, CORY CUNNINGHAM, ADAM TURNER, and MARTIN JONASSEN, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM B. TRUE, <br><br> Defendant. | Case No. 3:18-CV-600-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

As narrowed by the Court at threshold review, Plaintiffs, all inmates incarcerated at United States Penitentiary Marion, allege they have been subjected to unconstitutional conditions of confinement by the warden, Defendant William B. True. Now before the Court are Defendant True's motion to dismiss Plaintiff Martin Jonassen's claims (Doc. 221) and his motion for summary judgment on the issue of exhaustion (Doc. 181). For the reasons delineated below, the Court grants True's motion to dismiss and grants in part and denies in part his motion for summary judgment.

I. MOTION TO DISMISS

On June 2, 2016, the Seventh Circuit sanctioned Plaintiff Martin Jonassen and barred him from filing civil suits in the courts of this circuit until he paid a fine of $500 in

full. *See* Doc. 221-1; *United States v. Martin Jonassen*, 7th Cir. Case Nos. 15-1381, 16-1040, 16-1092, 16-1214. On April 9, 2018, Jonassen filed a brief regarding required and permissive joinder, requesting that the Court add him as a plaintiff in this action. The Court, without referencing Jonassen's status as a restricted filer, granted his motion for joinder on April 19, 2018. By motion dated July 24, 2019, Defendant True moves to dismiss Jonassen's claims from this action because Jonassen remains a restricted filer in the Seventh Circuit, and True argues that Jonassen's motion for joinder was granted in error.

Jonassen is currently represented by counsel, who was directed to respond to True's motion on his behalf. But in a flurry of *pro se* filings submitted by Jonassen and also in a motion to withdraw filed by his counsel, it has become clear that there has been a complete breakdown in their attorney-client relationship, and the Court **GRANTS** counsel's motion to withdraw (Doc. 233).

Generally, the Court would allow Jonassen to respond *pro se* to the motion to dismiss or seek out new counsel for him at this time, but Jonassen has already filed a *pro se* objection to the motion to dismiss (Doc. 230), in which he argues that he did not *file* a civil suit. He suggests that, instead, he has *joined* this action through a motion for joinder and that joining a civil action does not violate his bar from filing civil suits. This distinction without a difference skirts the clear ban on new civil actions by Jonassen until he has satisfied the sanction imposed by the Seventh Circuit. In his objection, Jonassen also suggests that the Seventh Circuit was incorrect in its decision to sanction and restrict him, but this Court does not have the authority to set aside or to ignore the 2016 order barring Jonassen from bringing new civil suits. Accordingly, Defendant True's motion to

dismiss Jonassen's claims from this action is **GRANTED**. Jonassen's remaining *pro se* motions (Docs. 226, 232, 234, 236) are **DENIED as MOOT**.

II. **MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant True also moves for summary judgment as to all Plaintiffs due to their alleged failure to exhaust administrative remedies. All Plaintiffs except Christopher Oden concede that they failed to exhaust their remedies prior to filing suit. As such, the Court will grant Defendant True's motion as to all Plaintiffs except Oden. Defendant's motion requires further consideration as to whether Oden exhausted his remedies.

**BACKGROUND**

A single count of the initial complaint in this action survived threshold review. In it, Oden alleges True subjected him to unconstitutional conditions of confinement in USP Marion by overcrowding cells designed for single occupancy, which prevented cell doors from closing properly, and by failing to remedy black mold in the vents and extreme humidity in the cells. True acknowledges Oden exhausted his remedies as to his claims about triple-celling and issues with the doors in Units X, L, Y, and N only. He argues, however, that Oden did not exhaust his remedies as to his claims about mold and humidity or about cell capacity and the cell doors as to the cells in Marion's Special Housing Unit. Oden maintains he exhausted his remedies as to all claims and all cells.

In the Bureau of Prisons, inmate complaints are handled through the remedy process. The parties agree that three remedy cases are relevant to this action: 905967, 915386, and 918425. They also agree that each remedy case involved a remedy that was fully exhausted when Oden filed suit. They disagree as to which claims are encompassed

by the contents of the three remedies.

In remedy 905967, Oden challenged the use of three-man cells and mentioned that he had numerous medical issues including "breathing issues in heat" to stress the impact that triple-celling had on him. In his request for relief, Oden asked that the prison remove one man from his cell and remove "all" added third bunks in the facility. (Doc. 181-13, p. 109). In a response, an official at Marion characterized Oden's claim as requesting that "USP Marion … be prohibited from housing more than two inmates per cell." (Doc. 181-13, p. 111). Oden appealed the denial of his remedy, and in response to his remedy appeal, a regional director described the nature of his complaint, noting, "You request immediate removal of the third bunk bed from each cell at USP Marion." (Doc. 181-13, p. 114).

In remedy 915386, Oden complained about not being able to be open or close his cell door manually. He asked that the cell doors be unlocked so that they could be opened and closed manually by inmates at will. (Doc. 181-13, p. 119). The response to his remedy noted that he asked that the general population cell doors be modified so that inmates would be to close them but that the doors are not designed to be opened or closed by inmates at will. (Doc. 181-13, p. 120). In his appeal, Oden referenced Units L, N, X, and Y specifically. (Doc. 181-13, p. 123). Oden does not mention the Special Housing Unit or clearly make a reference to all cells in his remedy or his appeal.

In remedy 918425, Oden again complained about cell overcrowding and its impact on his mental health caused. (Doc. 181-3, p. 128). He also mentioned having issues with stairs and excessive heat, which the response to his remedy acknowledged. (Doc. 181-3, p. 131). Other than mentioning these issues, he does not raise any other issues with his

cell specifically or by description. The remedy case focuses heavily on his mental health complaints. (Doc. 181-13, p. 128, 130).

**LEGAL STANDARDS**

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* (emphasis added).

Generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of triable fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). In *Pavey*, however, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). Here, the resolving the issue of exhaustion does not rely on weighing debatable factual issues and involves only a question of law.

The Seventh Circuit requires strict adherence to the PLRA's exhaustion

requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

In *Pavey*, the Seventh Circuit set forth procedures for a court to follow in a situation where failure to exhaust administrative remedies is raised as an affirmative defense. The Seventh Circuit stated the following:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. at 742.

## ANALYSIS

Oden's complaint alleges he was subjected to unconstitutional conditions of confinement because (1) Marion celled three inmates in a cell that was too small; (2) the doors on the cells could not be opened and closed by inmates; (3) his cell had block mold; and (4) his cell was excessively humid. As to his allegations regarding mold and humidity, Oden did not exhaust his administrative remedies prior to filing suit. He mentions not being able to breathe in heat and having issues with heat and stairs, but those comments alone are insufficient to put Marion officials on notice that there were problems with mold and excessive humidity in his cell or in other cells. Oden argues that mold and high humidity can cause breathing problems in high heat, which may be true, but the description of his complaints in his remedies is too vague to exhaust these claims.

Remedy 905967 was sufficient to exhaust Oden's remedies as to his claim that triple-celling inmates creates an unconstitutional condition of confinement. The parties agree the remedy was exhausted, but True argues it was only exhausted as to the cells in units X, L, Y, and N. The responses to the remedy Oden filed, however, characterized his request as seeking to remove the third bunks from all cells at Marion. As such, the remedy was sufficient to exhaust his overcrowding and triple-celling claim as to all cells.

Oden's claim about the cell doors not opening and closing properly is only exhausted as to units X, L, Y, and N and not as to the Special Housing Unit. His remedy case specifically references those cell units, and the responses to his remedy clearly state that he only raised his complaint as to the doors in general population housing. There is no indication in his remedy that he was complaining about the doors in the SHU, and, as

such, the remedy did not provide prison officials with notice that there was an issue with the doors in the SHU. Accordingly, his claim about cell door functionality may proceed only as to the cells in general population.

## Conclusion

For these reasons, Defendant William B. True's motion to dismiss (Doc. 221) is **GRANTED**. Plaintiff Martin Jonassen's claims in this action are dismissed due to his status as a restricted filer at the time he joined this action. Attorney Bart Karwath's motion to withdraw as counsel for Plaintiff Martin Jonassen (Doc. 233) is **GRANTED**, and Jonassen's *pro se* motions (Docs. 226, 232, 234, 236) are **DENIED as moot**. Attorney Karwath shall continue as counsel for Plaintiff Christopher W. Oden.

Defendant True's motion for summary judgment on the issue of exhaustion (Doc. 181) is **GRANTED in part** and **DENIED in part**. The claims of Plaintiffs Randall Peterson, Timothy Loghry, Sr., Brad Monkman, Benjamin Winters, Jeffery Brothers, David Hoffarth, James Say, Cory Cunningham, and Adam Turner are **DISMISSED without prejudice** for failure to exhaust administrative remedies. Plaintiff Christopher W. Oden failed to exhaust his administrative remedies as to his claims about mold and excessive humidity, and these claims are **DISMISSED without prejudice**.

Only Oden's claims that all cells are overcrowded at Marion and that the cell doors in general population do not function correctly remain pending.

**IT IS SO ORDERED.**

DATED: September 30, 2019

                                                                     **NANCY J. ROSENSTENGEL**
                                                                     **Chief U.S. District Judge**